## A02A0474. LEISKE v. THE STATE.
### (565 SE2d 925)

SMITH, Presiding Judge.

In a jury trial, Paul R. Leiske was convicted of DUI, disobeying a traffic control device, and driving without a license on his person. Leiske's motion for new trial was unsuccessful. In this appeal, Leiske contends that the trial court erred in denying his motion to suppress/ motion in limine to exclude the results of a State-administered test. He argues that his consent was coerced because he was misinformed about his option to refuse the testing.

In reviewing the grant or denial of motions in limine, we must construe the evidence most favorably toward upholding the findings and judgment of the trial court. *Wells v. State,* 227 Ga. App. 521 (489 SE2d 307) (1997). Additionally, the trial court's findings as to disputed facts and witness credibility must be adopted unless clearly erroneous. *Dooley v. State,* 221 Ga. App. 245 (1) (470 SE2d 803) (1996).

Viewed in that light, the record shows that while on routine patrol, Officer Kelvin L. Walls encountered a two-car accident at the intersection of Piedmont and Roswell Roads in Atlanta. Walls directed both drivers to move to a nearby parking lot. Upon inquiry, Walls learned that Leiske was the driver at fault. Leiske told Walls that after the light in his direction of travel changed from yellow to red, he tried to stop but could not. The other driver recounted to Walls that while traveling with a green light, as she was almost through the intersection, Leiske's vehicle struck the rear of her car. Walls testified that while speaking with Leiske, he noticed "he had an aroma of alcoholic beverage coming from his person." Walls also noted that Leiske's "speech was slow, and his body movements were lethargic." When asked if he had been consuming alcohol, Leiske admitted having had a couple of drinks on his flight home from a business trip.

Walls testified that after completing his accident investigation, he asked Leiske to participate in field sobriety testing. During his recitation of the alphabet, Leiske stuttered over a few letters. On an alco-sensor test, Leiske registered above the legal limit. Then, using the copy of the implied consent notice that he kept in his pocket, Walls read that notice verbatim to Leiske. After being advised of his rights, Leiske agreed to take a State-administered breath test. Walls testified that upon their arrival at the jail, he again read the implied consent notice to Leiske and obtained his consent. Officer R. J. McLean administered the Intoxilyzer 5000 test to Leiske which resulted in readings of 0.137 and 0.138.

1. Leiske's motion to dismiss the State's supplemental brief is denied.

2. Leiske contends that he was misinformed about his rights so that his consent to testing was not voluntary but was coerced within the meaning of *Deckard v. State*, 210 Ga. App. 421 (436 SE2d 536) (1993). He claims that a DUI suspect has a statutory right to refuse to submit to a State-administered chemical test. See *Klink v. State*, 272 Ga. 605, 606 (1) (533 SE2d 92) (2000). He argues that he was unable to make an informed decision with regard to submitting to the State-administered breath test, because Walls indicated that the breath test was not voluntary. See *State v. Terry*, 236 Ga. App. 248, 251 (511 SE2d 608) (1999) (misleading information relevant to obtaining consent may necessitate exclusion of test result).

The hearing transcript belies this argument. Despite Leiske's attempts to distort the testimony at issue, that testimony must be construed most favorably toward upholding the trial court's findings. See *Wells*, supra. Although when isolated from its context, a part of Walls's testimony may seem slightly confusing, it is not confusing when read as a whole. Walls testified without dispute that he read the implied consent notice to Leiske exactly as the words appear on his card. Walls testified that he did so twice, once after the field sobriety tests, and again after Leiske was transported to jail for testing. As to the sequence of events, Walls denied telling Leiske that he had to take the field sobriety tests or he would be placed under arrest. During cross-examination this colloquy ensued:

> DEFENSE COUNSEL: And the first thing that you did is — and you've indicated this on your direct — is you told him that he had to take the field sobriety tests or you were going to place him under arrest. That's a fair statement; you've testified to that.
> OFFICER WALLS: No. What I said was — if I'm not mistaken, I recall myself saying that I asked him to do the field sobriety tests, and then I told him if he refused that, I would be forced to read him the Georgia implied consent notice, and if he refused that, he would be placed under arrest and his license would be suspended and he'd be taken to jail.
> DEFENSE COUNSEL: Now, you — so basically you were telling him he had to perform these tests or —.
> OFFICER WALLS: No, I did not. I didn't basically tell him that he had to. He still had an option.
> DEFENSE COUNSEL: But you told him, without saying that you have to, you said if you don't perform these tests, the consequences will be I'm going to place you under arrest.
> OFFICER WALLS: I merely just gave him his options that are provided to him by law.

DEFENSE COUNSEL: I understand that, but let's go over exactly what those options were. If you don't perform the tests I'm asking you to perform —.
OFFICER WALLS: Then —.
DEFENSE COUNSEL: — then I'm going to have to place you under arrest.
OFFICER WALLS: No. Then I'm going to have to read you this, being the Georgia implied consent notice.

This colloquy does not establish that Leiske was "coerced" into agreeing to any test. See *State v. Gillette*, 236 Ga. App. 571, 573 (512 SE2d 399) (1999) (artfully worded questions that assume facts not in evidence do not themselves constitute competent evidence).

The determinative issue with the implied consent notice is "whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing." *State v. Becker*, 240 Ga. App. 267, 271 (2) (523 SE2d 98) (1999). Here, the officer testified without contradiction that he read the notice to Leiske exactly as it appeared on his card. No evidence shows that the investigating officer misstated the law, misled Leiske, or told him that the State-administered breath test was not voluntary. See id. at 271-272 (2). Although Leiske argues that he was misinformed about his rights and about what the law requires, the implied consent notice for suspects age 21 or over unequivocally says, "Georgia law *requires* you to submit to state administered chemical tests. . . ." (Punctuation omitted; emphasis supplied.) OCGA § 40-5-67.1 (b) (2). The trial court clearly did not err in denying the motion in limine. See *Dooley*, supra at 245 (1).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED JUNE 3, 2002.

*Richard S. Lawson*, for appellant.
*Joseph J. Drolet, Solicitor-General, Meka B. Ward, Assistant Solicitor-General*, for appellee.