A04A0343. THE STATE v. CHUN.
(594 SE2d 732)

ELLINGTON, Judge.

On March 23, 2003, a DeKalb County police officer arrested Jeana Pan Chun for speeding, OCGA § 40-6-181, and driving under the influence of alcohol to the extent that it was less safe to drive, OCGA § 40-6-391 (a) (1). Prior to trial, Chun filed a motion in limine to exclude the evidence that she refused to submit to State-administered chemical testing. The trial court granted Chun's motion after concluding that the arresting officer gave "technically correct" but misleading information in addition to the implied consent notice which impaired Chun's ability to decide whether to submit to testing.

The State of Georgia appeals from the trial court's order. Because we find no substantial basis for the trial court's ruling, we reverse.

"Where the evidence at a hearing on a motion in limine is uncontroverted, and no issue exists regarding the credibility of witnesses, we review the trial court's ruling to ensure that there was a substantial basis for it. The trial court's application of the law to the undisputed facts is subject to de novo review." (Citations and punctuation omitted.) *State v. Terry*, 236 Ga. App. 248, 249 (511 SE2d 608) (1999). "The determinative issue with the implied consent notice is whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing." (Citation and punctuation omitted.) *Leiske v. State*, 255 Ga. App. 615, 617 (2) (565 SE2d 925) (2002). Even when the officer properly gives the implied consent notice, if the officer gives additional, "deceptively misleading information" that impairs a defendant's ability to make an informed decision about whether to submit to testing, the defendant's test results or evidence of his refusal to submit to testing must be suppressed. *State v. Peirce*, 257 Ga. App. 623, 625 (1) (571 SE2d 826) (2002). The suppression of evidence, however, is an extreme sanction and one not favored in the law. *State v. Kampplain*, 223 Ga. App. 16, 18 (477 SE2d 143) (1996).

The evidence presented at the hearing on Chun's motion in limine shows that the officer stopped Chun for driving approximately 80 mph in a 55-mph zone. The officer observed various indicators that Chun was under the influence of alcohol, including slurred speech and red, watery eyes, and Chun admitted to having had three drinks. Following Chun's failure of field sobriety tests and a positive result on the alco-sensor test, the officer arrested her for DUI. The officer read the proper informed consent notice to Chun. See OCGA § 40-5-67.1 (b) (2) (notice for drivers 21 years old and over). After the officer initially read the notice, Chun asked him whether her license would be suspended if she refused to submit to chemical testing. Chun also expressed some concern about what would happen if she submitted to the test and had a result under 0.08 grams. In response to Chun's questions, the officer reread part of the notice, and explained that if she refused the chemical test, her license would be suspended for one year; that if she took the test and registered 0.08 or higher, her license would be suspended; and, even if she took the test and registered lower than 0.08, her license could be suspended if she was convicted of DUI at trial. Chun refused to submit to the test. Later, at the police station, the officer again read Chun the implied consent notice, and Chun declined to be tested. Chun did not testify at the hearing.

In ruling on Chun's motion in limine, the court concluded that the officer's response to Chun's question about a test result lower

than 0.08 grams was misleading because the officer did not *also* advise Chun "that if she blew lower than 0.08, her license would not be administratively suspended, or that her license would not be suspended if she were not convicted at trial." According to the court, the officer's statement that Chun's license could be suspended if she is convicted of DUI, "although technically correct, suggested that [Chun's] license would be suspended whether or not she chose to take the chemical test." The court decided that, as a result of this "misleading" information, Chun "was unable to make an informed choice" about whether to refuse testing, which made her refusal inadmissible at trial.

The State challenges the court's ruling, contending the officer gave accurate answers in response to Chun's questions, that the information was not false or misleading, and that it correctly communicated the legitimate consequences of either Chun's submission to chemical testing or her refusal to submit to testing. We agree.

In this case, the trial court properly found that the officer's responses were correct. It is undisputed that the officer correctly stated that Chun's license would be suspended if she refused chemical testing or had a test result greater than 0.08 grams. See OCGA §§ 40-5-63 (a) (1); 40-5-67.1 (b) (2); 40-6-391 (a) (5). Further, an individual's license will be suspended upon a conviction for DUI as a less safe driver, regardless of the individual's chemical test results. See OCGA §§ 40-5-63 (a) (1); 40-6-391 (a) (1). Since the officer's statements were true, the only question that remains is whether there was a substantial basis for the trial court's determination that the officer's statements were so misleading as to have rendered Chun "unable to make an informed choice" regarding whether to refuse testing.

It is undisputed that the officer gave Chun the proper implied consent notice and that he told her that her license could be suspended if she were convicted of DUI at trial, even if her test results were lower than 0.08. Contrary to the trial court's conclusion, this is not the same as implying that Chun's license *would* be suspended regardless of whether she submitted to testing. Further, the court's suggestion that the officer should have *also* told her that her license would *not* be suspended if she was *not* convicted is simply an alternative — but equivalent — version of the officer's statements, and is certainly not any clearer or less misleading.[1]

---

[1] Notably, Chun argued to the trial court that, when she asked about what would happen if her test results were below 0.08, the officer simply should have said that her license would "not be suspended pursuant to the implied consent law." This statement, however, would have been very misleading, because lay persons might not recognize that their license could still be suspended for a year based upon a conviction.

We find that, under the circumstances of this case, there was no substantial basis for the court's conclusion that the officer's statements were so misleading that they rendered Chun incapable of making an informed decision about whether to submit to chemical testing. See *State v. Kirbabas*, 232 Ga. App. 474, 479 (1) (c) (502 SE2d 314) (1998) (affirming the admission of chemical test results based upon a finding that the officer's statement that he would suspend the defendant's license upon a refusal to submit to testing was not misleading because the officer was, in fact, an agent of the State and could initiate suspension proceedings); cf. *State v. Peirce*, 257 Ga. App. at 625-626 (1) (officer's statement that defendant would lose his driver's license upon refusal to submit to testing was misleading, as defendant held a Texas license and the State of Georgia lacked authority to suspend it); *State v. Terry*, 236 Ga. App. at 250-251 (upholding the grant of a motion in limine because officer's statement that the defendant had to "bond out" before she would be able to obtain an independent chemical test misstated the law and was misleading, and because substantial other misleading information compounded the defendant's confusion). Accordingly, we reverse the grant of Chun's motion in limine.

*Judgment reversed. Andrews, P. J., and Miller, J., concur.*

DECIDED FEBRUARY 11, 2004

Gwendolyn R. Keyes, Solicitor-General, Andrew R. Fiddes, Assistant Solicitor-General, for appellant.
Head, Thomas, Webb & Willis, Gregory A. Willis, for appellee.