A06A2036. THE STATE v. BROOKBANK.
(642 SE2d 885)

BERNES, Judge.

In this DUI case, the State of Georgia appeals the trial court's order suppressing evidence of Walter Davie Brookbank's refusal to submit to a state-administered chemical test of his breath. We agree that the evidence should have been admitted and therefore reverse the trial court.

The parties stipulated to certain facts for the purposes of this appeal and also submitted the videotaped recording of the traffic stop which was entered into evidence at the motion hearing. We conduct a de novo review of the trial court's application of the law to the facts

---

contained in the parties' stipulation. *Furcal-Peguero v. State*, 255 Ga. App. 729, 730 (566 SE2d 320) (2002).

In November 2005, a Forsyth County sheriff's deputy stopped Brookbank's vehicle. After conducting a brief traffic investigation, the deputy arrested Brookbank for DUI, read him the implied consent notice for suspects 21 and over as set forth in OCGA § 40-5-67.1 (b) (2), and asked Brookbank to submit to a breath test. Brookbank told the deputy that he would consent to a blood test. The deputy informed Brookbank that he was being offered the designated breath test and that his continued insistence on a blood test would be taken as a refusal to take the state-administered test. According to the deputy, Brookbank seemed confused and continued to insist that the implied consent notice said that he was entitled to a blood test. The officer read the implied consent notice to Brookbank two more times, and each time the officer read the word "blood," Brookbank interjected that the advisement said he could take a blood test and that he was willing to do so. The officer ultimately concluded that Brookbank was refusing the state-administered test, and consequently neither Brookbank's breath nor blood was tested.

Brookbank was charged with driving under the influence of alcohol and failing to maintain a lane. He filed a motion in limine seeking to exclude evidence of his refusal to take the state-administered chemical test.

After a hearing,[1] the trial court granted Brookbank's motion holding that Brookbank's actions did not amount to a refusal to take the state-administered breath test under the implied consent law. Rather, the court held that "[Brookbank's] conduct demonstrated a good faith willingness to take a chemical test that was mingled with confusion over who designated the test." Reasoning that the deputy "could have clarified [Brookbank's] confusion with a simple explanation that [he] could have his blood tested only if he first submitted to a breath test," the trial court concluded that Brookbank had not refused the test.

We disagree with the trial court's ruling for several reasons. First, the videotaped recording unequivocally shows that the deputy did in fact explain to Brookbank that Brookbank had a right to a blood test only if he submitted to the required state-administered breath test. The deputy read the implied consent warning to Brookbank two additional times, each time emphasizing that, "After first submitting to the *required* state test, you are entitled to an *additional* chemical test of your blood, breath, urine, or other bodily substances . . . of your own choosing." Moreover, the deputy warned Brookbank several

---

[1] The hearing on the motion in limine was not reported.

times that the only state-administered test being offered to Brookbank was a *breath* test and that his continued insistence on a blood test would be taken as a refusal. The deputy explained the implied consent law to Brookbank, but Brookbank simply disagreed with the deputy's explanation.[2]

Second, we have held on many occasions that the implied consent warning as set forth by the legislature is not misleading.[3] *Hobbs v. State*, 260 Ga. App. 115, 117 (2) (579 SE2d 50) (2003); *Leiske v. State*, 255 Ga. App. 615, 617 (2) (565 SE2d 925) (2002); *State v. Tosar*, 180 Ga. App. 885, 887-888 (350 SE2d 811) (1986). "The determinative issue with the implied consent notice is whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing." (Citation and punctuation omitted.) *Leiske*, 255 Ga. App. at 617 (2). "The law does not require the arresting officer to ensure that the driver *understands* the implied consent notice." (Citation and footnote omitted; emphasis in original.) *Furcal-Peguero*, 255 Ga. App. at 733; *State v. Kirbabas*, 232 Ga. App. 474, 479 (1) (b) (502 SE2d 314) (1998) ("[T]he officer was under no duty to give *further* warnings or instructions after the implied consent warning was given properly at the time of arrest.") (citations omitted; emphasis in original). See also *Tosar*, 180 Ga. App. at 888.

In this case, it is not disputed that the officer's delivery of the implied consent notice was substantially accurate and timely delivered to Brookbank. Irrespective of whether Brookbank's refusal resulted from confusion, it was in fact a refusal to take the state-administered breath test in light of the officer's proper administration of the implied consent warning.[4] Thus, the trial court erred in suppressing evidence of Brookbank's refusal.

*Judgment reversed. Barnes, C. J., and Andrews, P. J., concur.*

DECIDED MARCH 1, 2007.

---

[2] Brookbank chose to construe the law as giving him the option of designating the type of state-administered test, even though the deputy advised him otherwise. See OCGA §§ 40-5-55 (a); 40-5-67.1 (a).

[3] Brookbank does not contend that the deputy gave him any "additional deceptively misleading information," *State v. Chun*, 265 Ga. App. 530, 531 (594 SE2d 732) (2004), or that Brookbank was attempting to request an additional independent test of his blood. See OCGA §§ 40-5-67.1 (b) (2); 40-6-392 (a) (3).

[4] Of course, Brookbank will be free to argue to the trier of fact that his refusal was based on his confusion, not a consciousness of guilt. See *Hernandez v. State*, 238 Ga. App. 796, 798-799 (2) (520 SE2d 698) (1999).

*Leslie C. Abernathy, Solicitor-General, Carlton T. Hayes, Amy Millard Radley, Assistant Solicitors-General*, for appellant.
*Ann T. Shafer*, for appellee.