A07A2201. COLLINS v. THE STATE.
(659 SE2d 818)

BARNES, Chief Judge.

Following a stipulated bench trial, Vincent Wyatt Collins was found guilty of two counts of driving under the influence and failure to maintain a lane. He appeals the denial of his new trial motion, contending that the trial court erred in denying his motion to suppress the results of his blood test because (1) the police officer did not designate the state-administered test pursuant to OCGA § 40-5-67.1 (a), and (2) the officer did not reasonably accommodate Collins' request for an independent test. Following our review, we affirm.

The parties have stipulated to the facts surrounding Collins' arrest. "Where the evidence is uncontroverted and no question regarding the credibility of witnesses is presented, the trial court's application of the law to undisputed facts is subject to de novo appellate review." (Citation and punctuation omitted.) *Stapleton v. State*, 279 Ga. App. 296 (1) (630 SE2d 769) (2006).

So viewed, the record reflects that on June 12, 2005, a Georgia State Trooper was called to investigate a one-vehicle crash in Carroll County. When he arrived he noticed that the vehicle had gone off the road into a wooded area and hit a tree. The driver was not in the car, but a bystander identified him as Collins. Collins said that he had swerved to miss a limb that was hanging from a tree into the roadway and crashed into the tree. The officer noticed "a strong odor of alcoholic beverages about his person" and that Collins was very loud and talkative. When asked, Collins denied having consumed any alcoholic beverages. The trooper requested that he perform a series of field sobriety tests including the horizontal gaze nystagmus ("HGN"), walk and turn, and one-leg stand. The trooper observed six clues on

the HGN test, and also perceived several clues on the other tests. Based on his training, experience, and Collins' demeanor, the trooper determined that Collins was under the influence of alcohol to the extent that he was a less safe driver.

The trooper administered Collins a portable alco-sensor test which showed that he was positive for alcohol. The trooper arrested Collins and read to him the implied consent notice. Instead of designating which test would be administered, the trooper simply asked Collins if he would "submit to the state administered tests under the Implied Consent Law." The officer testified that he let Collins "designate the test he wanted to take," and when Collins said that he wanted a blood test, the trooper transported him to a local hospital for the test.

Based on the results of the test, Collins was arrested on numerous charges, including DUI-less safe driver and DUI while having an alcohol concentration of 0.08 grams or more. Collins' motion to suppress the results of the blood test was denied, which, following his bench trial, conviction, and denial of new trial motion, resulted in this appeal.[1]

1. Collins first contends that the trial court erred in denying his motion to suppress because the trooper failed to designate which state-administered test he had to take, as required by OCGA § 40-5-67.1 (a). He argues that because the arresting officer did not strictly comply with the implied consent laws, the results of the state-administered blood test should have been excluded. Collins cites no case law for this specific proposition, but notes that we have held in other contexts that the implied consent law must be strictly construed.

OCGA § 40-5-67.1 (a) requires that "the requesting law enforcement officer shall designate which test or tests shall be administered initially and may subsequently require a test or tests of any substances not initially tested." Here, the trooper testified that he asked Collins if he would "submit to the state administered chemical tests under the Implied Consent Law," rather than asking him if he would submit to a test of a particular bodily substance. He further testified that he gave Collins a "choice to take whichever one he wanted to take." In denying the motion to suppress, the trial court determined that failing to designate the test to be given was not "error where the officer gives the defendant the opportunity to express a preference and takes him for that test." We agree.

---

[1] The trial court granted a certificate of immediate review following the denial of the motion to suppress, but Collins' application for interlocutory appeal was denied by this Court.

In *State v. Brantley*, 263 Ga. App. 209 (587 SE2d 383) (2003), we found

> that obtaining consent for chemical testing pursuant to implied consent requirements does not dictate which consented-to test will actually be administered. Just as an officer may advise a person of his implied consent rights and request multiple tests at one time, a requesting law enforcement officer is authorized to decide which of the test or tests shall be administered.

(Punctuation and footnotes omitted.) Id. at 211. "The determinative issue with the implied consent notice is whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing." (Citation and punctuation omitted.) *State v. Chun*, 265 Ga. App. 530, 531 (594 SE2d 732) (2004). Likewise, in *Colon v. State*, 256 Ga. App. 505, 507 (2) (568 SE2d 811) (2002), we held that even if the arresting officer failed to include, "under the Implied Consent Law," after asking if the defendant would "submit to the state administered chemical tests," this omission would not change the meaning of the warning, which begins by advising the defendant that "Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine or other bodily substances." (Punctuation omitted.)

Similarly, here we also fail to see how the trooper's failure to designate the test to be taken changed the substance or meaning of the warning in the implied consent notice. Collins was under notice that the state-administered chemical tests would be of his "blood, breath, urine or other bodily substances." The notice given was sufficiently accurate to permit Collins to make an informed decision about whether to consent to testing.

2. Collins also contends that the trial court erred by denying his motion to suppress, in that he requested an independent blood test which was not granted. We do not agree that the evidence shows he requested an independent test.

> An accused's right to have an additional, independent chemical test administered is invoked by some statement that reasonably could be construed — in light of the circumstances — to be an expression of a desire for an additional, independent test. In adhering to this principle, we are guided by the circumstances surrounding an alleged request, not simply the semantics of the alleged request itself.

(Footnote omitted.) *State v. Gillaspy*, 270 Ga. App. 111, 112 (605 SE2d 835) (2004).

Here, Collins requested a blood test in response to the trooper's inquiry as to whether he would submit to the state-administered tests, and if so, which test he wanted to take. Collins did not testify at the motion to suppress hearing; however, his mother testified that after Collins blew into the alco-sensor device, "the officer showed it to Vince, whatever it registered and Vince said, 'I would like to take a blood test.'" Contrary to Collins' argument otherwise, nothing in the record supports his assertion that he sought an independent test. Instead, the record supports the conclusion that Collins was designating which type of test the State could administer. See *Anderton v. State*, 283 Ga. App. 493, 494-495 (1) (642 SE2d 137) (2007) (defendant's request of a blood test in response to officer's question, "Will you submit to the state administered chemical tests of your breath under the implied consent law?" was not a request for an independent test, but an attempt to designate which state-administered test he would take) (punctuation omitted); *Brooks v. State*, 285 Ga. App. 624, 627-628 (647 SE2d 328) (2007) (defendant was not requesting an independent blood test but was asking the officer to give him a blood or urine test in place of the breath test).

Thus, the trial court did not err in denying Collins' motion to suppress.

*Judgment affirmed. Smith, P. J., and Miller, J., concur.*

DECIDED MARCH 21, 2008.

*Allen M. Trapp, Jr.*, for appellant.

*Stephen J. Tuggle, Solicitor-General, James W. Kesler, Assistant Solicitor-General*, for appellee.