699 S.E.2d 811 (2010)
In the Interest of R.M., a child (two cases).
Nos. A10A1288, A10A1353.
Court of Appeals of Georgia.
August 2, 2010.
*812 Kenneth W. Mauldin, Dist. Atty., John M. Chenhall, Asst. Dist. Atty., for Appellant.
Daniels & Rothman, Jeffery A. Rothman, for Appellee.
MIKELL, Judge.
In a delinquency petition filed in the Juvenile Court of Oconee County, R.M., age 16, was charged with DUI per se (under 21),[1] DUI (less safe),[2] and following too closely.[3] He filed and later amended a motion to suppress/motion in limine, seeking to exclude the results of his state-administered breath test. R.M. argued that the implied consent notice provided him was inaccurate and misleading and therefore did not allow him to make an informed decision to consent to the state-administered chemical test. Following a hearing, the trial court granted R.M.'s motion on this ground. The state appeals from this ruling in Case No. A10A1288. R.M. also argued in his motion to suppress that the implied consent statute is inapplicable to juveniles by reason of OCGA § 15-11-45(b), which provides in part that "[t]he taking of a child into custody is not an arrest." The trial court rejected this argument, and R.M. cross-appeals this ruling in Case No. A10A1353. We have consolidated these cases for disposition. We reverse the ruling of the trial court in Case No. A10A1288 and affirm in Case No. A10A1353.
On appellate review of a trial court's ruling on a motion to suppress, "[w]e construe the evidence most favorably to the upholding of the trial court's findings and judgment and affirm unless the court has committed an error of law."[4] Properly construed, *813 the evidence in the record shows that on November 7, 2009, a vehicle driven by R.M. struck another vehicle carrying two occupants. Georgia State Patrol Trooper Jay Shirah, a P.O.S.T.-certified officer with 15 years experience as a police officer, was called to the scene. Shirah spoke to R.M. and observed that he had bloodshot eyes as well as a "moderate" odor of alcohol "coming from his person." R.M. told Shirah that he had consumed five beers "in approximately one hour." Shirah then administered field sobriety tests to R.M., observing four out of six possible clues on the horizontal gaze nystagmus test, no clues on the one-leg stand test, and one out of eight possible clues on the walk and turn test. On the alco-sensor test, R.M. tested positive for alcohol. Shirah believed, based on his training and experience and on his observations at the scene, that R.M. was impaired by alcohol at the time he had the accident, to the extent that he was a less safe driver. Shirah informed R.M. that he was under arrest and read to him the implied consent notice for suspects under 21. Shirah then took R.M. to the Oconee County jail, where R.M. was given the state-administered breath test on an Intoxilyzer 5000. The breath tests resulted in readings of 0.038 and 0.036 grams.

Case No. A10A1288
1. The state appeals from the trial court's ruling excluding evidence of the results of the breath tests, contending that the implied consent notice for suspects under 21 was neither misleading nor inaccurate. We agree and conclude that the trial court erred in excluding the state-administered test results on this ground.
The parties stipulated that Shirah read R.M. the statutory notice for suspects under 21, found at OCGA § 40-5-67.1(b)(1). In pertinent part, this notice tells the underage suspect that "[i]f you submit to testing and the results indicate an alcohol concentration of 0.02 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year."[5] Relying upon OCGA § 40-5-57.1(b)(2)(B)(i),[6] the trial court determined that the notice was misleading because it "clearly overstates the penalty for a person whose alcohol concentration is less than .08 grams ..., by doubling the actual penalty statutorily authorized." This, however, is an incorrect reading of the statutes involved.
The driver's license of one convicted of a violation of the DUI statute[7] is suspended by operation of law under OCGA § 40-5-63(a), which provides for a 12-month suspension upon the first DUI conviction.[8] Upon a second conviction, the suspension is for three years;[9] upon a third, the suspension is for five years.[10] OCGA § 40-5-57.1, upon which the trial court ruled, governs the suspension of the driver's license of drivers under 21 who are convicted of a DUI violation. Pointing out that OCGA § 40-5-57.1(a) begins with the phrase "[n]otwithstanding any other provision of this chapter," R.M. argues that this Code section "is meant to supersede the provisions in OCGA § 40-5-63." However, "in constructing the statute so as to give effect to the legislative intent[,] a mere segment of the statute should not be lifted out of context and construed without consideration *814 of all the other parts of the statute."[11] The plain language of OCGA § 40-5-57.1, "when examined in context and in its totality,"[12] refutes R.M.'s argument.
Subsection (b)(2)(A) of OCGA § 40-5-57.1 provides that an underage driver whose license is suspended due to a DUI conviction "shall ... be subject to the provisions of [OCGA §] 40-5-63," which, as noted above, provides for suspension for at least 12 months. Subsection (b)(2)(B)(i) of OCGA § 40-5-57.1, quoted by the trial court, does not provide for the suspension of the license of an under-21 driver, but instead deals with the underage driver's eligibility to apply for reinstatement of a suspended license. Thus, a first offender whose blood alcohol concentration tested out at less than 0.08 grams is not eligible to apply for reinstatement of his license until the end of six months.[13] If his test result was 0.08 grams or more, he is ineligible to apply for license reinstatement until the end of 12 months.[14] The driver's eligibility to apply for possible reinstatement before the end of the suspension period, however, does not change the fact that the license is suspended for at least 12 months. We conclude that the trial court erred in ruling that OCGA § 40-5-57.1 actually authorized a penalty of only six months' suspension.
"The determinative issue with the implied consent notice is whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing."[15] We conclude that the statutory implied consent notice for suspects under 21 provided in OCGA § 40-5-67.1(b)(1) is "substantively accurate" when it states that a blood alcohol concentration of 0.02 grams or more will result in a suspension of the driver's license "for a minimum period of one year"; and that the trial court's conclusion that the statutory notice overstated the actual penalty was in error. It follows that the results of R.M.'s state-administered breath tests were admissible, and the trial court committed an error of law in granting R.M.'s motion to suppress.[16]

Case No. A10A1353
2. R.M. contends that the implied consent statute cannot be applied to juveniles, because the notice must be given after arrest,[17] and juveniles are not subject to arrest.[18] We conclude, however, that R.M. had been placed under arrest for purposes of the implied consent statute, and therefore we affirm the ruling of the trial court on this issue.
Under Georgia's implied consent statute, OCGA § 40-5-55,
[t]he State of Georgia considers that any person who drives or is in actual physical control of any moving vehicle in violation of any provision of [OCGA §] 40-6-391 constitutes a direct and immediate threat to the welfare and safety of the general public. Therefore, any person who operates a motor vehicle upon the highways or elsewhere throughout this state shall be deemed to have given consent, subject to [OCGA §] 40-6-392, to a chemical test or *815 tests of his or her blood, breath, urine, or other bodily substances for the purpose of determining the presence of alcohol or any other drug, if arrested for any offense arising out of acts alleged to have been committed in violation of [OCGA §] 40-6-391 or if such person is involved in any traffic accident resulting in serious injuries or fatalities.[19]
The chemical tests described in the implied consent statute are to be administered "as soon as possible at the request of a law enforcement officer having reasonable grounds to believe that the person has been driving ... upon the highways or elsewhere throughout this state in violation of [OCGA §] 40-6-391 and the officer has arrested such person for a violation of [OCGA §] 40-6-391."[20] The arresting officer is to read the appropriate implied consent notice "[a]t the time a chemical test or tests are requested."[21]
As explained in Hough,[22]
[i]n circumstances where there has been no traffic accident resulting in serious injuries or fatalities, but the investigating law enforcement officer has probable cause to believe that the suspect was driving under the influence of alcohol or other drugs, the statutory mandates of OCGA § 40-5-55... require an arrest prior to any reading of implied consent rights.[23]
Thus, "a suspect who is not involved in a traffic accident resulting in serious injuries or fatalities must be under arrest before implied consent rights are read to him."[24]
At the suppression hearing, Shirah testified that after he concluded that R.M. was under the influence of alcohol to the extent that it was less safe for him to drive, he placed R.M. under arrest, read to him the implied consent notice for suspects under age 21, and placed R.M. in the back seat of his patrol car. Shirah testified that after that, R.M. was not free to leave. Shirah then transported R.M. to the Oconee County jail where R.M. submitted to a chemical breath test.
R.M. argues that his detention by Shirah did not constitute an "arrest" within the meaning of the implied consent statutes, because although a juvenile may be taken into "custody ... [p]ursuant to the laws of arrest" under OCGA § 15-11-45(a)(2), OCGA § 15-11-45(b) provides that "[t]he taking of a child into custody is not an arrest, except for the purpose of determining its validity under the Constitution of this state or of the United States." R.M. thus contends that there was no arrest in this situation; that therefore implied consent was not triggered; and that the trial court erred by denying R.M.'s motion to suppress on this ground. This argument is without merit.
As our Supreme Court explained in Hough,[25] "an arrest is accomplished whenever the liberty of another to come and go as he pleases is restrained, no matter how slight such restraint may be."[26] Specifically, the Court continued,
The defendant may voluntarily submit to being considered under arrest without any actual touching or show of force. Thus, implied consent is triggered at the point that the suspect is not free to leave and a reasonable person in his position would not believe that the detention is temporary, regardless of whether a "formal arrest" has occurred.[27]
We conclude that R.M.'s detention by Shirah, following Shirah's statement that R.M. was *816 under arrest, was an "arrest" sufficient to trigger the implied consent law, notwithstanding the provisions of OCGA § 15-11-45(b). Accordingly, the trial court did not err in denying R.M.'s motion to suppress on this ground.[28]
Judgment reversed in Case No. A10A1288. Judgment affirmed in Case No. A10A1353.
SMITH, P.J., and ADAMS, J., concur.
NOTES
[1] OCGA § 40-6-391(k)(1).
[2] OCGA § 40-6-391(a)(1).
[3] OCGA § 40-6-49.
[4] (Footnotes omitted.) State v. Rowell, 299 Ga. App. 238, 239, 682 S.E.2d 343 (2009). Accord Laseter v. State, 294 Ga.App. 12, 13(1), 668 S.E.2d 495 (2008) ("When the outcome of a motion to suppress depends on the credibility of the witness or on disputed facts, and the trial court has not committed an error of law, the court's ruling will not be disturbed on appeal") (footnote omitted).
[5] (Emphasis supplied.) OCGA § 40-5-67.1(b)(1).
[6] The trial court's reference to OCGA § 40-5-67.1(b)(2)(B)(i) is clearly a clerical error. The trial court actually quotes the language of OCGA § 40-5-57.1 (b)(2)(B)(i) in its order.
[7] OCGA § 40-6-391. Subsection (a)(1) of this Code section describes the offense of DUI (less safe). Subsection (k)(1) describes the offense of DUI per se (under 21): "A person under the age of 21 shall not drive ... any moving vehicle while the person's alcohol concentration is 0.02 grams or more at any time within three hours after such driving ... from alcohol consumed before such driving ... ended."
[8] OCGA § 40-5-63(a)(1).
[9] OCGA § 40-5-63(a)(2).
[10] OCGA §§ 40-5-63(a)(3); 40-5-62(a)(1).
[11] (Punctuation omitted.) State v. Leviner, 213 Ga.App. 99, 101(3)(a), 443 S.E.2d 688 (1994), citing City of Jesup v. Bennett, 226 Ga. 606, 609(2), 176 S.E.2d 81 (1970).
[12] Leviner, supra, citing Bibb County v. Hancock, 211 Ga. 429, 440(2), 86 S.E.2d 511 (1955) ("the words of a statute are always to be construed in connection with their context, and the intention of the legislature is to be gathered from the statute as a whole so as to give effect to all of its parts, if possible") (citations omitted).
[13] OCGA § 40-5-57.1(b)(2)(B)(i).
[14] OCGA § 40-5-57.1(b)(2)(B)(ii).
[15] (Citation and punctuation omitted.) Collins v. State, 290 Ga.App. 418, 420(1), 659 S.E.2d 818 (2008). Accord Leiske v. State, 255 Ga.App. 615, 617(2), 565 S.E.2d 925 (2002).
[16] Compare Kitchens v. State, 258 Ga.App. 411, 414-415(1), 574 S.E.2d 451 (2002) (test results ruled inadmissible where officer overstated legal limit and also misinformed defendant that her Alabama driver's license would be suspended if she refused to submit to the test, a penalty for refusal which the State of Georgia was unauthorized to implement).
[17] See Hough v. State, 279 Ga. 711, 715(2)(a), 620 S.E.2d 380 (2005).
[18] See OCGA § 15-11-45(b).
[19] (Emphasis supplied.) OCGA § 40-5-55(a).
[20] (Emphasis supplied.) OCGA § 40-5-67.1(a).
[21] OCGA § 40-5-67.1(b). The appropriate implied consent notice for suspects under age 21 is found at OCGA § 40-5-67.1(b)(1).
[22] Supra.
[23] Id.
[24] Id. at 716(2)(a), 620 S.E.2d 380 (results of test were inadmissible where implied consent notice was read to suspect six days before his arrest for DUI) (id. at 718(2)(b), 620 S.E.2d 380). Accord State v. Stelzenmuller, 285 Ga.App. 348, 351-352(1), 646 S.E.2d 316 (2007).
[25] Supra.
[26] (Citations and punctuation omitted.) Id. at 716(2)(a), 620 S.E.2d 380.
[27] (Citations and punctuation omitted.) Id.
[28] Id.