**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. (Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008) http://www.gaappeals.us/rules/

**January 7, 2013**

# In the Court of Appeals of Georgia

A12A1957. NAGATA v. THE STATE.

PHIPPS, Presiding Judge.

Wataru Nagata was convicted of two counts of driving under the influence of alcohol and of failure to maintain lane. On appeal, Nagata claims that the trial court erred by denying his motion to exclude results of tests of his breath because the arresting officer failed, in giving the implied consent notice pursuant to OCGA § 40-5-67.1, to designate the specific state-administered test or tests for which consent was being requested. Finding no merit to Nagata's claim, we affirm.

"Inasmuch as the issue raised involves uncontroverted evidence and no questions of credibility are presented, we will conduct a de novo review of the trial court's application of the law to the undisputed facts."[1]

The evidence showed that on December 12, 2009, upon observing Nagata's vehicle fail to maintain its lane of travel, a police officer initiated a traffic stop. During the stop, the officer noticed that Nagata was not wearing a seatbelt, that a strong odor of alcohol was emanating from his person, and that his eyes were red and watery; Nagata admitted having had "a couple" of drinks, the last of which he had had about an hour before the traffic stop. Based on the officer's observations, Nagata's admission, and Nagata's performance on field sobriety tests, Nagata was placed under arrest for, inter alia, driving under the influence of alcohol.

The officer then read to Nagata an implied consent notice from a card. At trial, the officer read a copy of the card aloud, testifying that he had read it to Nagata as follows:

---

[1] *State v. Padidham*, 310 Ga. App. 839, 842 (2) (714 SE2d 657) (2011) (punctuation and footnote omitted), affirmed at *Padidham v. State*, 291 Ga. 99 (728 SE2d 175) (2012).

2

Implied Consent notice for suspects age 21 or older. Georgia law requires you to [submit to] the state administ[er]ed chem[ic]al test of your blood, breath, urine, or other bodily substances for the purpose of determining if you're under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver'[s] license or privilege to drive will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to the testing, and results indicate an alcohol concentration of [0.08] grams or more, your Georgia driver's license or privilege of driving on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or bodily substances at your own expense of a qualified facility of your own choosing. Will you submit to the state administered chemical tests of your *blood, breath, urine or other body substances* under your implied consent law?[2]

After the notice was given, Nagata consented to a state-administered chemical test of his breath.

On appeal, Nagata points to the last sentence of the applicable implied consent notice, as set out in OCGA § 40-5-67.1 (b) (2). That sentence states: "Will you submit to the state administered chemical tests of your (*designate which tests*) under the

---

[2] (Emphasis supplied.)

3

implied consent law?"[3] Nagata contends that by asking him if he would consent to a test of his "blood, breath, urine or other bod[il]y substances," the officer failed to

---

[3] (Emphasis supplied). OCGA § 40-5-67.1 provides:
(b) At the time a chemical test or tests are requested, the arresting officer shall select and read to the person the appropriate implied consent notice from the following: . . .

(2) Implied consent notice for suspects age 21 or over:

"Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine, or other bodily substances for the purpose of determining if you are under the influence of alcohol or drugs. If you refuse this testing, your Georgia driver's license or privilege to drive on the highways of this state will be suspended for a minimum period of one year. Your refusal to submit to the required testing may be offered into evidence against you at trial. If you submit to testing and the results indicate an alcohol concentration of 0.08 grams or more, your Georgia driver's license or privilege to drive on the highways of this state may be suspended for a minimum period of one year. After first submitting to the required state tests, you are entitled to additional chemical tests of your blood, breath, urine, or other bodily substances at your own expense and from qualified personnel of your own choosing. Will you submit to the state administered chemical tests of your (designate which tests) under the implied consent law?"

4

designate a specific test or tests, as required by OCGA § 40-5-67.1 (b) (2). The contention presents no basis for reversal.

An officer may advise a person of his implied consent rights and request multiple tests at one time; and the requesting officer is authorized to decide which test or tests shall be administered.[4] "The determinative issue with the implied consent notice is whether the notice given was substantively accurate so as to permit the driver to make an informed decision about whether to consent to testing."[5] By including all of the statutorily-enumerated tests, the officer "did not change the meaning of the notice, which begins by advising the defendant that 'Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine or other bodily substances.'"[6]

---

[4] *Collins v. State*, 290 Ga. App. 418, 420 (1) (659 SE2d 818) (2008) (citation and punctuation omitted) (implied consent notice was sufficient where officer asked suspect if he would submit to the state-administered chemical tests under the implied consent law, without asking him if he would submit to a test of a particular bodily substance; notice given was sufficiently accurate to permit suspect to make an informed decision about whether to consent to testing); see *State v. Brantley*, 263 Ga. App. 209, 211 (587 SE2d 383) (2003).

[5] *Collins*, supra.

[6] See id.; *Colon v. State*, 256 Ga. App. 505, 507 (2) (568 SE2d 811) (2002) (trial court did not err in not excluding chemical test results based on insufficient implied consent notice where officer allegedly failed to read to suspect the final five

We do not see

how the [officer's] failure to designate the test to be taken changed the substance or meaning of the warning in the implied consent notice. [Nagata] was under notice that the state-administered chemical tests would be of his "blood, breath, urine or other bodily substances." The notice given was sufficiently accurate to permit [Nagata] to make an informed decision about whether to consent to testing.[7]

Nagata's reliance on *Metzager v. State*[8] is misplaced. That case was decided based on an officer's failure to make a reasonable effort to accommodate a suspect's request for an independent test by qualified personnel of his own choosing, not on an

---

words, "under the implied consent law"; "since the first clause of the warning is that 'Georgia law requires you to submit to state administered chemical tests of your blood, breath, urine or other bodily substances,' we fail to see how such an omission could be said to have changed the substance of the meaning of the warning").

[7] *Collins*, supra; see generally *State v. Chun*, 265 Ga. App. 530, 531-532 (594 SE2d 732) (2004) (chemical test results were admissible where there was no substantial basis for trial court's conclusion that the officer's statements to defendant regarding informed consent notice were so misleading that they rendered defendant incapable of making an informed decision about whether to submit to chemical testing).

[8] 303 Ga. App. 17 (692 SE2d 687) (2010).

6

officer's failure to designate the specific test or tests for which he was requesting consent.[9]

The court did not err in denying Nagata's motion to exclude the breath test results.

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

[9] Id. at 19.